82 So.2d 316

**Russell FRANKLIN**

v.

**STATE.**

8 Div. 583.

Court of Appeals of Alabama.

Aug. 30, 1955.

Marvin H. Galin, Cullman, for appellant.

John Patterson, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

Smith, Johnston & Butler, Huntsville, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

BONE, Judge.

Appellant was indicted for the offenses of burglary, grand larceny, and buying, receiving, and concealing stolen property. On a plea of not guilty, trial was had, and the jury returned a verdict of guilty as charged in count 4 of the indictment, said count charging the offense of buying, receiving, and concealing stolen property. The court adjudged appellant guilty and sentenced him to three years in the penitentiary. From such judgment and sentence, this appeal is taken.

The evidence shows that certain carpenter tools were placed in a tool shed on the afternoon of December 11, 1953, between the hours of 5:00 and 5:30 P.M. The shed was locked with a padlock. The following morning workmen found the door broken open and the tools were not there.

On or about December 22, 1953, appellant was arrested and a search of his automobile was made. The search resulted in the finding of carpenter tools in the trunk of said automobile. The State's evidence shows that appellant stated at that time the tools had belonged to his deceased father who had been a carpenter.

It is not shown for what offense appellant was arrested in the instance above referred to.

It was reported to the police approximately 40 minutes after appellant's release that certain carpenter tools, belonging to a construction company and employees of the company, had been removed from a tool house on the night of December 11. Two officers and one of the construction company's foremen then drove to Huntsville Park where they met appellant and thereupon stopped him. They told him they wanted to look at the tools in the trunk of his automobile, whereupon appellant complied with their request by opening the trunk of the automobile for them. The tools were identified by the foreman as being the same tools which had been taken from the tool house on December 11.

Appellant subsequently stated that he had purchased the tools from James Harbin for $25. It was shown that the tools had a value far in excess of this amount.

Harbin, testifying for the State, denied having sold any tools to appellant and fur-

ther denied having had any conversation with appellant between the dates of December 11 and December 22.

■ A few days subsequent to December 11, certain carpenters, whose tools had been stolen, made lists of the missing tools. Upon the trial of the case these persons, who testified for the State, stated that they had no independent recollection of the facts set out in the memorandums. They testified that they recalled having made the lists at the time when their recollection was fresh and knew them to be true and correct lists of the tools which had belonged to each of them and which had been removed from the tool house. These lists were then admitted in evidence over appellant's objections. In this there was no error. The witnesses, having looked at the memorandums and still having no independent recollection of the facts contained therein, testified that the lists were true and correct at the time they were made. The memorandums were therefore admissible in evidence. Parsons v. State, 251 Ala. 467, 38 So.2d 209; Byars v. James, 208 Ala. 390, 94 So. 536; Floyd v. Pugh, 201 Ala. 29, 77 So. 323; Deal v. Hubert, 209 Ala. 18, 95 So. 349; Acklen v. Hickman, 63 Ala. 494, 35 Am.Rep. 54; Sovereign Camp, W. O. W. v. Screws, 218 Ala. 599, 119 So. 644.

■ Objections were made and exceptions duly taken at the trial to the introduction of evidence concerning the initial arrest of the defendant, at which time the tools were first discovered in the trunk of the automobile. The court admitted evidence of the arrest and of the search incident thereto, but did not permit a showing as to the nature of the offense for which the arrest was made.

We think that although appellant was arrested in the first instance for an offense other than that for which he was tried it was permissible to show that there was an arrest in order that it be made clear how the tools were first discovered in appellant's possession.

■ A witness for the State testified that he assisted in a search of appellant's home and that he had in his possession at the time a search warrant for that purpose. Appellant moved to exclude this testimony on the ground that the search warrant was not before the court. His motion was denied and he duly excepted.

There was no error in the court's refusal to exclude evidence obtained from this search. This case not involving a violation of the prohibition law, evidence obtained through a search of appellant's premises with or without a warrant was admissible. The court will not look to the source of the evidence, it being admissible even if illegally obtained. Shields v. State, 104 Ala. 35, 16 So. 85; Banks v. State, 207 Ala. 179, 93 So. 293, 24 A.L.R. 1359.

Appellant requested certain written charges which were refused by the court.

■ Appellant was convicted under count 4 of the indictment, and his requested charges 1, 2, and 3 dealt with other counts. There was no error in the refusal to give them.

■ Charges 4, 5, 6, 7, 8, and 9 are general affirmative charges and under the evidence were properly refused.

Appellant objected to that portion of the court's oral charge wherein he charged the jury that evidence was admissible when acquired by a search of defendant's premises without a search warrant. There is no merit in this objection, the court having properly stated the law.

■ We have searched the record in this case, as we are required to do, and we are of the opinion that the record is free from error. The judgment of the lower court should be, and the same is hereby affirmed.

Affirmed.