Willie Roosevelt **CRAWFORD**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 1–879A234.

Court of Appeals of Indiana, First District.

March 18, 1980.

Rehearing Denied April 10, 1980.

Robert W. Hammerle, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Willie R. Crawford (Crawford) was found guilty of Burglary, Class C Felony, in a trial by jury. He appeals, raising two errors. The first error alleged is that certain documentary evidence was erroneously admitted at trial. The second error alleged is that the evidence was insufficient to support the verdict.

We affirm.

The facts most favorable to the verdict are that at 10:10 p. m. on November 1, 1978, a burglary occurred at the Ford Market in Centerville, Indiana. The store was protected by a security alarm system and the operator of the security system immediately phoned the police. The dispatcher of the police, in turn, immediately radioed a patrol car to investigate. The patrol car was in the vicinity of the market and upon arriving on the scene, observed a green 1969 to 1971 Cadillac departing at high speed. The officer observed two individuals in the front seat, but could not describe their race or sex. The officer did observe one of the individuals wearing light-colored headgear and further observed a red piece of clothing in the back window of the automobile.

The officer gave chase in his vehicle but soon lost the green Cadillac. He stopped and asked an acquaintance if she had observed the vehicle. She said no, but upon proceeding further in her vehicle she did observe the Cadillac passing her with its lights off. She copied down the vehicle's license plate number and phoned the police soon thereafter.

When the observation by the private individual was radioed to all units, a Cambridge City police officer waited for the vehicle to pass. At approximately 10:25 p. m. the green Cadillac passed by and the police gave chase. The vehicle was stopped at approximately 10:30 p. m.

Three individuals, including Crawford, were in the green Cadillac. Various evidence of the burglary, such as rolls of change and money orders, was found in the vehicle. The officer who gave chase from the Market arrived on the scene and identified the Cadillac, especially noting the red jacket in the back window.

Evidence was presented at trial of signs of a break-in at the Market and missing money orders and change.

■ The first issue on appeal is whether the trial court erroneously admitted written

evidence consisting of a list of missing money orders compiled by one of the employees of the Market. This same employee who compiled the list was testifying when the evidence was introduced. Crawford objected to the admission of the list, claiming it was hearsay evidence. Crawford objected on the basis that the prosecution had not laid a foundation under the business record exception.

We agree with the State that, assuming the list was hearsay, it was properly admitted under the exception for past recollection recorded.[1] Admittedly, the prosecution did not lay the best foundation for this exception; however, the defense did not object on that ground. The employee testified that he compared the master list of money orders with the records of the money orders sold and those unsold, and compiled a list of the missing orders. The master list was not admitted into evidence because it had been compiled by a bank employee who was not present.

We note that this exception to the hearsay rule is used when there is a long list or a tabulation or summarization from a mass of documentary evidence. *See Johnson v. Culver,* (1888) 116 Ind. 278, 19 N.E. 129; *People v. Strother,* (1972) 53 Ill.2d 95, 290 N.E.2d 201 (list of serial numbers of money used to purchase drugs by undercover officer); *Franklin v. State,* (1955) 38 Ala.App. 274, 82 So.2d 316 (list of stolen tools of carpenters); *Shea v. Fridley,* (1956) D.C. Mun.App., 123 A.2d 358 (list of over 200 missing pieces of goods in bailment case). *See also* 4 Wigmore, Evidence, § 1230 (Chadbourn rev. 1972); 82 A.L.R.2d 473, § 92(b), (1962).[2]

We are impressed by the limitations set out in *Tri-Motors Sales, Inc. v. Travelers Indemnity Co.,* (1963) 19 Wis.2d 99, 119 N.W.2d 327. In that case, the court allowed the introduction of tabulations or summarized statements made by an accountant based on business records he did not compile. The court stated, however, that before such tabulation or summarized statements are admitted, the books and records upon which they are based must be in evidence, or in court, or available to the opposite party. The underlying documentary evidence upon which the tabulation or summarization is based must be theoretically admissible itself, even if it is not admitted.

In this case, the employee made his tabulation from the master list and his personal observations. The master list was available for the opposing party's use. It would have been admissible if the bank employee had been available. The defense could have used the list to question the employee's accuracy if he so chose. We see no error here.

The second issue on appeal is whether there was sufficient evidence to sustain the judgment. In reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Jones v. State,* (1978) Ind., 377 N.E.2d 1349.

We determine there was sufficient evidence to sustain the verdict. The vehicle, in which Crawford was found 20 minutes after the burglary, was observed leaving the scene at high speed. Evidence of stolen items from the Market were found in the vehicle. The car was pursued some of the time. The State need not exclude every alternative scenario in proving its case. We find no error here.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.

---

1. If even the introduction of this evidence was error, it was harmless. There was other evidence introduced of the same nature, that is: the roll of coins.

2. Indiana has also accepted the past recollection recorded exception for the recording of a license plate number on a matchbook by a gas station attendant after a holdup, *Grimes v. State,* (1972) 258 Ind. 257, 280 N.E.2d 575 and for the use of a police report, *Gee v. State,* (1979) Ind., 389 N.E.2d 303, 309.