PATTERSON, Judge.
Crenshaw was indicted for and convicted of unlawful possession of marihuana in the first degree, § 13A-12-213(a)(2), Code of Alabama 1975. He was sentenced to nine years’ imprisonment and was ordered to pay $250 restitution to the Alabama Department of Forensic Sciences, $1,000 to the Alabama Crime Victims Compensation Fund, and court costs.
I.
Crenshaw first contends that the trial court erred in denying his motion to suppress the marihuana seized during a search of his residence on the ground that the information in the affidavit for the search warrant was stale and unreliable. However, the affidavit and search warrant were not introduced and, thus, are not in the record on appeal. Thus, this issue was not preserved for our review. See Hornsby v. State, 517 So.2d 631, 636-37 (Ala.Cr.App.), cert. denied, 517 So.2d 639 (Ala.1987), cert. denied, 485 U.S. 961, 108 S.Ct. 1224, 99 L.Ed.2d 425 (1988).
II.
Crenshaw also argues that the trial court erroneously denied his motion to exclude his statement, during the search of his residence, that all of the contraband that he had retrieved for the officers was his. Evidence of appellant’s statement was first elicited during appellant’s cross-examination of state’s witness Gary Smith, as follows:
“Q. Who actually conducted [the] search itself? Do you recall who actually looked in the can and found what?
“A. Yes, I believe that he was confronted, I think that’s when he was advised of his, again, you know, of course, he was advised of his rights.
“I think he initially brought it. He said, said this is what I have and once he brought it to us, we asked, you know, ‘Was there anything else.’
“And he said, ‘No.’
“And so when they tell us that, we do a quick walk through and check it out just quickly. But he basically said, ‘This is what I have. This is mine.’
“He brought it to us.”
This testimony was not objected to. See C. Gamble, McElroy’s Alabama Evidence § 121.08 (3d ed. 1977) (wherein it is stated, “Should the asking party fail to enter a motion to exclude the [nonresponsive] answer, he has waived any objection to its admission”). Crenshaw cannot be permitted to introduce evidence of an allegedly *18 inadmissible statement, where the prosecution has made no reference to the statement, and then claim that its admission was prejudicial. See McCall v. State, 501 So.2d 496 (Ala.Cr.App.1986).
III.
Finally, Crenshaw contends that the trial court erred in denying his oral request for the jury instruction on the alleged lesser included offense of possession of marihuana in the second degree, possession for personal use only, § 13A-12-214. A review of the transcript reveals that this request was specifically made in connection with the offense of possession of marihuana for other than personal use, § 13A-12-213(a)(l), which was charged in Count I of the indictment. However, Cren-shaw was acquitted of this charge. Because Crenshaw only requested that this instruction be given under Count I and. he was acquitted under that count, no reversible error occurred. See Franklin v. State, 38 Ala.App. 274, 82 So.2d 316 (1955).
Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.