ON RETURN TO REMAND

BOWEN, Presiding Judge.
This is an appeal from the order of the Juvenile Court of Jefferson County transferring the appellant, A.W.M., to circuit court to stand trial as an adult for the capital offense of murder during a robbery. At the transfer hearing, the testimony tended to indicate that the police had received information from a citizen informer that the appellant had been involved in the murder and robbery. Although the trial judge conducted an in camera examination of the arresting officer, the record revealed neither the content nor the degree of reliability of the information possessed by the police prior to the appellant’s detention. This Court remanded this cause “with directions that the juvenile judge reconstruct his in camera examination of Sgt. Rice and provide this Court with a record or summary of that examination on return to remand.” 627 So.2d 1148.
On remand, the juvenile court judge reconstructed the in camera examination of Sergeant Jim Rice. According to that reconstruction, Sergeant Rice testified that “the reason we did not want to divulge who our
informant was was for his safety. We feel that his life could possibly be in danger if he is identified in that he is a fellow student at Ensley High School with at least most of these defendants.” Supp.R. 4-5. Sergeant Rice’s testimony establishes that the informer overheard the appellant discussing the robbery and murder with others, and that the informer was not involved in any criminal activity. The veracity, reliability, and basis of knowledge of the informer have been adequately established. See Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Here, the police had “specific, particularized, and articulable reasons indicating that the [appellant] may [have been] involved in criminal activity.” Hickman v. State, 548 So.2d 1077, 1080 (Ala.Cr.App.1989).
We find that the police had reasonable suspicion sufficient to justify the initial detention of the appellant.
The order of the Juvenile Court of Jefferson County directing the transfer of the appellant to circuit court for prosecution as an adult is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.