TAYLOR, Judge.
The appellant, M.S.B.,[1] a 17-year-old, was charged with two counts of capital murder and two counts of first degree burglary. The prosecution filed a motion to transfer the cause for trial in the Circuit Court for Mobile County. The court granted the motion and this appeal follows.
*70 The state’s evidence tended to show that on December 6, 1993, the body of Aline Meinhardt was discovered in her home in Saraland. Meinhardt’s body was found lying face down on her bed; her hands were tied to the bedposts. She had been strangled with an electrical cord attached to a small Crockpot. Torn pages from a book had been placed around her body on the bed, turpentine had been poured around her, and she had been ignited. Her house had been ransacked. An autopsy revealed that she died as a result of strangulation, smoke inhalation, and burns. Two fingerprints found at the entry to the victim’s house were identified as the appellant’s.
On January 2, 1994, the body of John Edward Cimprich was found in his home in Saraland. He died as a result of multiple “chop” wounds, consistent with those made by an axe, to his head, neck, and back. A left-hand palm print identified as the appellant’s was found on a piece of paper lying next to the victim’s body. Witnesses stated that a person matching the appellant’s description was seen driving the victim’s automobile after the murder.
I
The appellant initially contends that the court erred in allowing a psychometrist to testify as an expert at the transfer hearing because, he says, he was not a “qualified mental health professional” as that term is defined in Rule 11.3(d),[2] Ala.R.Crim.P. The psychometrist testified that his opinion was that the appellant should not be admitted to an institution for the mentally retarded.
Because this case involves a juvenile transfer hearing, § 12 — 15—69(b), Code of Alabama 1975, and not Rule 11.3(d), controls. This section states:
“(b) Where there are indications that the child may be physically ill, mentally ill or mentally retarded, the court, on its own motion or motion by the prosecutor or that of counsel for the child, may order the child to be examined at a suitable place by a physician, psychiatrist, psychologist or other qualified examiner, under the supervision of a physician, psychiatrist or psychologist who shall certify such examiner’s findings in writing, or an examiner approved by the department of mental health prior to a hearing on the merits of the petition.”
(Emphasis added.)
Kevin McCaskey, a court psychome-trist and therapist at Strickland Youth Center in Mobile, Alabama, testified at the transfer hearing that he administered several different intelligence tests to the appellant and that those tests showed the appellant’s IQ to be 76. McCaskey testified that he has a bachelor’s degree in clinical psychology and a master’s degree in counseling psychology and that he had completed a six-month internship in this field. He said that he had previously worked at Charter Hospital in Mobile as a test evaluator and at Libra House Counseling Center through Mobile Mental Health. He also testified that he is a licensed professional counselor and that his license is issued by the state of Alabama. McCaskey further testified that he had previously been accepted in court as an expert in the field of psychological testing.
It is not necessary that the individual administering the test and testifying as to the results satisfy the requirements of Rule 11.3, because the necessary requirements are more specifically set out in the statute regarding juvenile transfer hearings, § 12-15-69(b). McCaskey’s met the requirements of § 12-15-69(b) and was therefore correctly allowed to testify that based on the appellant’s test scores there was no reason to believe that the appellant should be admitted to an institution for the mentally retarded. § 12-15-34(e), Code of Alabama 1975. *71 McCaskey stated that the appellant’s IQ was 76 and that the “cutoff’ score for committing a defendant to an institution for the mentally retarded is 56.
II
The appellant further contends that the trial judge did not have probable cause to believe that he committed the crimes.
A transfer hearing is a probable cause hearing to determine whether the juvenile should be transferred to the circuit court to be treated as an adult. It is not a hearing to adjudicate the guilt or innocence of the accused. Stubbs v. State, 522 So.2d 9 (Ala.Cr.App.1988). The standard applied in a transfer hearing is “whether a reasonable man would believe the crime occurred and that the defendant committed it.” Cruse v. State, 489 So.2d 694, 696 (Ala.Cr.App.1986).
The evidence as recited above established probable cause for the appellant’s transfer. The trial court committed no error.
III
The appellant next contends that the court did not comply with § 12-15-34, Code of Alabama 1975 because, he says, there was no clear and convincing evidence that it was in his best interest to transfer him for trial as an adult.
When reviewing the disposition phase of a transfer hearing this court applies the “clear and convincing” standard. B.L.S. v. State, 628 So.2d 1034 (Ala.Cr.App.1993); A.D.T. v. State, 630 So.2d 165 (Ala.Cr.App.1993); W.T.K. v. State, 598 So.2d 33 (Ala.Cr.App.1992), cert. denied, — U.S. —, 113 S.Ct. 173, 121 L.Ed.2d 120 (1992).
“ ‘ “[A]n appellate court must find, within the record, clear and convincing evidence in order to affirm a juvenile court’s determination at the disposition hearing that it is in the best interest of the child or the public to transfer the child for criminal prosecution.”’ D.D.P. v. State, 595 So.2d 528, 536 (Ala.Cr.App.1991), quoting Ex parte J.R., 582 So.2d 444, 449 (Ala.) ... cert. denied, [502] U.S. [837], 112 S.Ct. 122, 116 L.Ed.2d 90 (1991).”
A.W.M. v. State, 627 So.2d 1148, 1152 (Ala.Cr.App.), on remand, 627 So.2d 1155 (Ala.Cr.App.1993).
Judge Bowen in D.D.P. v. State, 595 So.2d 528, 536 (Ala.Cr.App.1991), defined the “clear and convincing” standard. He stated:
“ ‘Clear and convincing evidence is most easily defined as the evidentiary standard that lies somewhere between a preponderance of evidence and evidence probative beyond a reasonable doubt. Addington v. Texas, 441 U.S. 418, 423-24, 99 S.Ct. 1804, 1807-08, 60 L.Ed.2d 323 (1979).’ Matter of K.A., 484 A.2d 992, 995 (D.C.App.1984). See generally 9 J. Wigmore, Evidence § 2498 (Chadbourn rev. 1981); E. Cleary, McCormick on Evidence § 340 (3d ed. 1984); 32A C.J.S. Evidence § 1023 (1964). The standard has been explained as that evidence which convinces the trier of fact that a proposition is ‘highly probable,’ as distinguished from ‘more probable than not.’ McBaine, Burden of Proof: Degrees of Belief, 32 Calif.L.Rev. 242, 253-54 (1944).
“ ‘Clear and convincing proof is not necessarily undisputed proof.’ Wambles v. Coppage, 333 So.2d 829, 835 (Ala.Civ.App.1976). ‘The clear ... and convincing standard is met when the court is “... clearly convinced of the affirmative of the proposition to be proved. This does not mean that there may not be contrary evidence.” ’ Matter of T.C.M., 651 S.W.2d 525, 535 (Mo.App.1983) (emphasis in original). ‘ “Convincing” evidence by definition requires a weighing of the evidence.’ First Pennsylvania Bank, N.A. v. Lehr, 293 Pa.Super. 189, 201, 438 A.2d 600, 607 (1980).”
D.D.P., 595 So.2d at 538.
Specifically, the appellant contends that there was not clear and convincing evidence, given the “circumstances surrounding his mental status,” that it was in his best interest to be transferred to circuit court. The court not only had before it the testimony of Mr. McCaskey that the appellant’s IQ was 76 but also had occasion to view the appellant and to evaluate his maturity. *72 “[T]he transferring court may rely solely on its own independent determination of the juvenile’s mental state.” C.C. v. State, 586 So.2d 1018, 1022 (Ala.Cr.App.1991).
The court stated the following in its order of transfer:
“The Court finds no grounds to believe that said child is eommittable to an institution or agency for the mentally retarded or mentally ill.
“Said child is physically mature and has sufficient mental maturity for a person of his age.
[[Image here]]
“Treatment efforts for the said M.S.B. have consisted of referrals made to the Janus Program; the Department of Human Resources; the Special Education Action Committee; and counseling at the Le-Moyne Center. The child was also placed at the Crisis Center and St. Mary’s Group Home. He was placed in short-term detention; placed on informal adjustment; formal probation and committed to the Department of Youth Services HIT Program. The child was disruptive while being detained at the Strickland Youth Center awaiting trial on these motions. He assaulted staff and broke detention rules and regulations which resulted in his being placed in isolation.”
The court’s order is thorough and shows that it considered all of the factors listed in § 12-15-34(d). There was “clear and convincing” evidence present here to show that it was in the appellant’s and the public’s best interest to transfer his case to circuit court. The court’s transfer of the appellant to the Circuit Court for Mobile County is affirmed.
For the foregoing reasons, this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.

. The anonymity of the appellant is being protected as provided by Rule 52, AIa.R.App.P.

. Rule 11.3(d), Ala.R.Crim.P., defines a qualified mental health professional as follows:
“(1) A psychiatrist with three (3) years of residency training in psychiatry;
“(2) A psychologist with a doctoral degree from an accredited program;
"(3) A social worker with a masters degree from an accredited program and two (2) years of clinical experience under the supervision of a qualified mental health professional; or
"(4) A registered nurse with a graduate degree in psychiatric nursing and two (2) years of clinical experience under the supervision of a qualified mental health professional."