COBB, Judge.
Marlon Collins was killed by a fatal gunshot wound to the head on February 20, 1997.
T.T.J., a juvenile, was arrested and indicted for capital murder for his death. (See § 13A-5-40(a)(2), Ala.Code 1975.) At the time of his arrest, T.T.J. was 15 years old. Following a hearing, his case was transferred to circuit court for trial as an adult. He appeals from the transfer order. The following evidence was presented at the hearing on the motion to transfer.
Charse Brown testified that between one and two o’clock in the morning on February 20, 1997, T.T.J., Derrick Moore, and Ronnie Marshall showed up at Brown’s house, holding guns. (R. 17.) Upon arrival, Derrick fired his weapon numerous times in the house. (R. 19-20.) Shortly after their arrival, Marlon Collins arrived at the house to purchase crack cocaine. (R. 21-22.) Brown testified that when Collins arrived, Derrick accused him of being a policeman and T.T.J., Derrick, and Ronnie threw him to the floor. (R. 23-24.) All three, T.T.J., Derrick, and Ronnie held guns to the back of Collins’s head. (R. 24.) Brown testified that he saw the three take Collins’s watch, necklace, wallet, and money. (R. 25.) Brown stated that he pleaded with T.T.J., Derrick, and Ronnie to leave Collins alone, and that Derrick put a gun to his face and forced him out of the room. (R. 27.) Brown further testified that he -heard them beating Collins and heard Collins pleading for his life while he was being beaten. Then he heard a gunshot. (R. 28-29.), Derrick then threatened Brown so that Brown would help them dispose of Collins’s body. (R. 31.) After the body was put in the trunk of a red Ford automobile, T.T.J., Derrick, and Ronnie drove off. They were involved in an accident, left the scene of the accident, and were back at Brown’s house within 10 minutes. (R. 32-33.) After two weeks of threats by Derrick, Brown telephoned his lawyer, who, in turn, notified the police. (R. 34-35.)
I.
T.T.J. argues that the transfer order should be reversed because, he says, the record of the transfer hearing is incomplete.
The vast majority of juvenile courts in Alabama are not supplied with a court reporter or stenographer. The Jefferson Juvenile Court is one of these courts. Because there was no court reporter or stenographer, a tape recorder was used to record the testimony during the transfer hearing and the testimony was subsequently transcribed. The tape recorder was turned off during a break in the proceedings and apparently inadvertently left off during a portion of Detective Damien Williams’s testimony. (R. 56.)
“Q: ... [Charse Brown] gave you some information, is that correct?
“A: That’s correct.
“Q: And from that information did you have an occasion to question some suspects — (inaudible)?
“A: Yes.
“Q: And who was that?
“(Whereupon the tape was turned off by an official of the court.)”
(R. 56-57.) The following morning, the transfer hearing resumed.
“THE COURT: We’re on the record now. All right.: So, Mr. Morgan [defense coun *260 sel], you have no objection this morning to State’s Exhibit 3. So, it’s in evidence.
“(Whereupon, State’s Exhibit 3 was admitted into evidence with no objection being noted.)
(R. 57.)
State’s exhibit 3 is an audiotape of T.T. J.’s statement. (C. 60.) It is not clear from the record who turned the tape recorder off or why it was turned off. T.T.J. did not object when the tape recorder was turned off or when it was turned back on the next morning. T.T.J. made no attempt to have the trial court recall the witness, recreate the witness’s testimony, or in any way to correct the break in the recording of testimony. T.T.J. has made no attempt to supplement or correct the record under Rule 10(g), Ala. R.App.P. He merely argues that the gap in the recording of Detective Williams’s testimony entitles him to a new transfer hearing. We do not agree.
It is the appellant’s burden to provide a reviewing court with a complete record on appeal. Wilkerson v. State, 686 So.2d 1266 (Ala.Crim.App.1996). “Even in juvenile cases, proper and timely objections are required.” M.W. v. State, 571 So.2d 361, 362 (Ala.Crim.App.1990). In this case, where the lawyer representing T.T.J. at the transfer hearing is also representing T.T.J. in this court, it is the appellant’s burden to provide this court with specific allegations of prejudice resulting from the failure to record the missing portion of the proceedings. Roberts v. State, [Ms. CR-93-1766, May 23,1997]-So.2d - (Ala.Crim.App.1997). Having-been present at the hearing, the attorney should have been aware of any errors or improprieties that may have occurred during the portion of the testimony not recorded. Because T.T.J.’s statement to Detective Williams was admitted into evidence without objection at the end of the unrecorded testimony, we can surmise there was no error in the laying of its foundation for admission into evidence. Because T.T.J. did not object in the trial court either during or after the hearing concerning the lapse in recording, because he failed to attempt to supplement or correct the record under Rule 10(g), Ala. R.App.P., and because he has not articulated any error or prejudice that resulted from the failure to record part of Detective Williams’s testimony, he has failed to preserve this issue for review.
II.
T.T.J. next argues that there is insufficient evidence to support the finding of probable cause that T.T.J. committed the robbery or the murder. We disagree.
“A defendant’s motion for new trial, in which he asserts that the state failed to present sufficient evidence to sustain the verdict, is required to specifically point out wherein the evidence is contended to be deficient.” Johnson v. State, 500 So.2d 69, 72 (Ala.Crim.App.1986). T.T.J. moved for a “new trial,”[1] merely asserting that the finding of probable cause and the decision to transfer were “contrary to the law” and contrary “to the facts.” (C. 62.) The only assertion made with any specificity was that “the evidence showed that the role of your Defendant was minimal and that he was not the triggerman.” (C. 62.) Because T.T.J. failed to specify how the evidence was deficient, the “motion for a new trial” was properly denied.
T.T.J. did not make a timely objection, nor were his allegations specific enough to support his motion. Therefore, this issue was not preserved for our review.
Furthermore, the applicable standard for a transfer hearing is “whether a reasonable man would believe the crime occurred and that the defendant committed it.” M.S.B. v. State, 651 So.2d 69, 71 (Ala.Crim.App.1994). “A transfer hearing is not a hearing to adjudicate the guilt or innocence of the child.” M.D. v. State, 701 So.2d 58, 63 (Ala.Crim.App.1997). Therefore, even if this issue had been preserved, the claim would not be meritorious because the testimony of Charse Brown provides ample evidence to support the juvenile court’s finding of probable cause. Brown witnessed T.T.J. take part *261 in the assault and robbery, heard T.T.J. threaten Collins with a .handgun, heard the final altercation from another room, and helped T.T.J. dispose of the body. The trial court judge found this evidence sufficient to establish probable cause for transfer. We agree. (R. 67.)
III.
T.T.J. next argues there is insufficient evidence to support the decision to transfer his case from the juvenile court to the circuit court. We disagree.
A transfer hearing is a bifurcated proceeding. The two phases of a transfer hearing are a probable-cause phase and a dispositional phase. D.R.H. v. State, 616 So.2d 1327 (Ala.Crim.App.1993); R.L.S. v. State, 619 So.2d 940 (Ala.Crim.App.1993). As previously stated, at the probable cause phase, the court must find that “a reasonable man would believe the crime occurred and that the defendant committed it.” M.S.B. v. State, 651 So.2d 69, 71 (Ala.Crim.App.1994). For the same reasons stated in Part II of this opinion, this argument was not properly preserved. Even if this issue had been preserved, the claim would not be meritorious because the testimony of Charse Brown provides ample evidence to support the juvenile court’s finding of probable cause.
During the dispositional phase of the transfer hearing, the juvenile court must con: sider the following six factors set out at § 12-15-34(d), Ala.Code 1975:
“(1) The nature of the present alleged offense;
“(2) The extent and nature of the child’s prior delinquency record;
“(3) The nature of past treatment efforts and the nature- of the child’s response to such efforts;
“(4) Demeanor;
“(5) The extent and nature of the child’s physical and mental maturity; and “(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.”
There was no evidence of prior delinquen-dy or past treatment efforts. (R. 74-75.) The judge felt that T.T.J. appeared to be physically mature and was mentally mature enough to stand trial. (R. 77.) However, in balancing the factors, the trial judge granted the State’s motion based on the seriousness of the offense and the danger to the community. (R. 77.)
Because the trial court judge found the requisite probable cause and properly weighed the factors necessary for a disposition, and because unless clearly erroneous, this court will not disturb a lower court’s transfer decision, the trial court’s decision to transfer is upheld. J.M.V. v. State, 651 So.2d 1087 (Ala.Crim.App.1994).
rv.
Finally, T.T.J. argues that there was no evidence of particularized intent to commit capital murder.
Once again, T.T.J. failed to object when the trial court found that the evidence supported probable cause. Therefore, this issue is not preserved for review.
Furthermore, the applicable standard for a transfer hearing is “whether a reasonable man would believe the crime occurred and that the defendant committed it.” M.S.B. v. State, 651 So.2d 69, 71 (Ala.Crim.App.1994). Therefore, even if the issue had been preserved, T.T.J.’s claim would not have merit; the State is only required to show probable cause that T.T.J. participated in the capital murder, the State is not required to show particularized intent at the transfer hearing. The trial court judge found the evidence presented to prove the requisite probable cause for transfer. We agree. (R. 67.)
For the above-stated reasons, the judgment of the juvenile court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.

. Although T.T.J. styled his motion as one seeking a new trial, he obviously was requesting a reconsideration of the trial court’s decision at the transfer hearing.