The appellant, Laterrance Jerome Williams, appeals from his conviction for trafficking in a controlled substance, a violation of § 13A-12-231(2)(a), Ala. Code 1975. He was sentenced to life imprisonment without parole. He was ordered to pay a $50.00 fine to the victim's compensation fund. The record indicates, however, that the trial court failed to impose the mandatory fine of $50,000 pursuant to § 13A-12-231(2)(a) and the mandatory fine of $2,000, for second and subsequent offenders, pursuant to the Demand Reduction Assessment Act pursuant to § 13A-12-281, Ala. Code 1975.
In this appeal, the appellant contends that the trial court erred in denying his motion to suppress evidence based upon an unlawful search and seizure. Because the search warrant and the accompanying affidavit were not made a part of the record, we cannot consider the appellant's argument. See Crenshaw v. State,563 So.2d 16, 17 (Ala.Cr.App. 1989) ("The failure to include the search warrant and affidavit in the record on appeal prevents review of the trial court's denial of the motion to suppress.) It is the appellant's duty to present a complete record on appeal.T.T.J. v. State, 716 So.2d 258 (Ala.Cr.App. 1998).
Because the trial court inadvertently failed to impose the mandatory fines under § 13A-12-231(2)(a) and § 13A-12-281, this cause is remanded to the court to allow it opportunity to do so. Due return shall be made to this Court within 45 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.
* Note from the reporter of decisions: On June 16, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On July 14, 2000, that Court denied rehearing, without opinion. On February 23, 2001, the Supreme Court quashed the petition for certiorari review as improvidently granted, without opinion (1992038) (the certiorari petition was filed under the name "Laterrence Williams".) *Page 443