Alesia **JACKSON** for Charles Jones, Plaintiff,

v.

Kenneth S. **APFEL,** Commissioner of Social Security, Defendant.

No. 9–G–2341–S.

United States District Court, N.D. Alabama, Southern Division.

March 17, 2000.

---

**2.** *Free Speech Coalition* is the only published opinion finding the CPPA unconstitutional.

Suzanne O. Yayman, Birmingham, AL, for Plaintiff.

G. Douglas Jones, Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Jerome M. Albanese, Social Security Administration—Office of General Counsel, Atlanta, GA, for Defendant.

### MEMORANDUM OPINION

GUIN, District Judge.

■ Claimant Alesia Jones filed application January 13, 1997, on behalf of her child Charles E. Jones for surviving benefits based on the record of deceased wage earner Charles E. Ollie. Claimant has been denied benefits at all administrative levels and is presently before this court. The sole issue to be determined is whether Charles E. Jones has the required relationship to Charles E. Ollie to receive benefits based on his earning record in accordance with the provisions of 42 U.S.C. §§ 402(d) and 416.

Title 42 U.S.C. § 402(d)(1) provides for the payment of child's benefits to the child of an individual who dies fully insured if the child meets certain requirements including dependency. Title 42 U.S.C. § 216(h)(2) and (3) set forth requirements for establishing relationship. Under 42 U.S.C. § 216(h)(3) a child of the insured worker who does not have the status of child under state law may be deemed to be the child under the following circumstances:

1) The worker has acknowledged in writing that the applicant is his son or daughter;

2) The worker has been decreed by a court to be the father of the child; or

3) The worker has been ordered by a court to contribute to the support of the child because he is his son or daughter.[1]

■ Ala.Code § 43–8–48 (1978) sets forth the parent child relationship. If the relationship is not established prior to the death of the parent it may be "established thereafter by clear and convincing proof...." The father must have "openly treated the child as his" and not refused to support the child.

In *M.S.B. v. State,* 651 So.2d 69, 71 (1994), the court included a lengthy discussion of "clear and convincing," the standard of proof set by the Alabama Code for establishing parent/child relationship, a large portion of which is set forth below:

> Judge Brown in *D.D.P. v. State,* 595 So.2d 528, 536 (1991), defined the "clear and convincing" standard. He stated:
>
>> Clear and convincing evidence is most easily defined as the evidentiary standard that lies somewhere between a preponderance of evidence and evidence probative beyond a reasonable doubt.... See generally 9 J. Wigmore *Evidence* § 2498 (Chadbourn rev. 1981); E. Cleary, *McCormick on Evidence* § 340 (3d ed.1984); 32A C.J.S. *Evidence* § 1023 (1964). The standard has been explained as that evidence which convinces the trier of fact that a proposition is 'highly probable,' as distinguished from 'more probable than not.' McBaine, *Burden of Proof: Degrees of Belief,* 32 Calif.L.Rev. 242, 253–54 (1944).
>>
>> 'Clear and convincing proof is not necessarily undisputed proof.' ... 'The clear ... and convincing standard is met when the court is "... clearly convinced of the affirmative of the proposition to be proved. This does not mean that there may not be contrary evidence." ' ...' " Convinc-

---

**1.** Such acknowledgment, court decree or court order must be made before the death of the insured worker.

ing" evidence by definition requires a weighing of the evidence. "..."
*D.D.P.*, 595 So.2d at 538.

Charles E. Jones was born December 10, 1982. Charles E. Ollie, the alleged father died December 5, 1996, domiciled in Alabama. The record shows acknowledgment of the father/son relationship in the following ways:

1) Mother unable to find letters from deceased discussing relationship,;[2]

2) Deceased's family acknowledged that Charles E. Jones was the child of Charles E. Ollie publically and in sworn statements within the record;

3) Deceased would not allow child's step father to adopt the child;

4) Funeral program of deceased stated that in addition to his daughters he was survived by "one son Charles;"[3]

5) Obituary listed son as a survivor;

6) Charles E. Jones visited his father and paternal relatives;

7) Charles E. Jones visited with his sisters who acknowledge he is their brother;

8) Deceased called Charles E. Jones "son;"

9) Deceased and Alesia Jackson had a relationship during the time Charles E. Jones was conceived;

10) Deceased gave mother Alesia Jackson money for care of child;

11) There has been a closer relationship with the deceased's family since his death than before;

12) Mother of deceased, Iola Ollie, said that the child looked just like his father;[4]

13) ALJ found the testimony of mother Alesia Jackson credible.[5]

While it is evident that the ALJ believed the testimony of the mother that Charles E. Jones was the son of the deceased he had difficulty satisfying the elements of the law necessary to establish paternity and found that Charles E. Jones was not the child of Charles E. Ollie. Consequently the child was not entitled to benefits.

"The function of a reviewing court is limited to determining whether the Secretary's findings are supported by substantial evidence considering the evidence as a whole." *Mims v. Califano*, 581 F.2d 1211, 1213 (5th Cir.1978). "Substantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971). The court is still responsible for scrutinizing " 'the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding.' " *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.1983) (quoting *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir.1982)). The Eleventh Circuit has gone on to state the following:

> Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's fact-finding and her policy judgments, we must still make certain that she has exercised reasoned decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Owens v. Heckler*, 748 F.2d 1511 (11th Cir.1984).

---

**2.** Mother was not asked if she had had the letters and lost them.

**3.** Deceased had no other sons.

**4.** "Charles told me he had a son named after him. I saw him for the first time only a few years ago and I knew that it was his child. He looked just like Charles (his father). Charles

said, Well, this is my son. Isn't he just like me?"

**5.** "You appear to be a very credible lady (T. 19)." "... I believe you ... (T. 43)." APJI 24.07 states in part: "The burden of proof is upon the plaintiff to reasonably satisfy you by the evidence of the truthfulness of all of the material averments of the complaint...."

The court must further consider whether the decision of the Commissioner contains a material error of law. In *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir.1987), the court held:

> Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges*, 815 F.2d at 624; *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.1982).

Having evaluated the evidence, the court holds that the evidence does not support the decision denying benefits. Improper legal standards were applied.

■ Based on the record set forth above the court is satisfied that the evidence meets the "clear and convincing" standard. The deceased's family accepted Charles E. Jones as the child of the deceased. Their behavior evidences their acceptance to the whole world (continuing relationships with him, listing him as survivor in the obituary and funeral program). The court takes judicial notice that it would be contrary to human nature for the family to acknowledge him as the child were it not so. The mother testified that Charles E. Ollie was the father. The ALJ believed her. Together this evidence establishes "clear and convincing" proof that Charles E. Jones is the child of Charles E. Ollie. For this reason this court hereby reverses the Commissioner and holds that benefits be granted Charles E. Jones, the son of Charles E. Ollie.

In the alternative the court remands the case for the purpose of taking new evidence (genetic testing of blood samples of the deceased's mother or sister) which should provide conclusive evidence of the father/child relationship.

An order consistent with this opinion is being entered contemporaneously herewith.

*ORDER*

In conformity with and pursuant to the memorandum opinion entered contemporaneously, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and it hereby is REVERSED, and the case is remanded to the Commissioner with instructions that the plaintiff be granted the benefits claimed.

It is FURTHER ORDERED that the Commissioner withhold from payments which he may determine are due plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of section 206 of the Social Security Act, as amended 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fees to be allowed plaintiff's counsel for services rendered in representing the plaintiff in this cause.