The appellant, Michael Harris, was convicted of trafficking in cocaine, see § 13A-12-231, Ala. Code 1975. On March 1, 2000, a jury found Harris guilty of trafficking in cocaine. Harris was sentenced, upon application of the Habitual Felony Offender Act, to life imprisonment, plus five years' imprisonment, and was fined $50,000. § 13A-12-321(2)a., Ala. Code 1975. This appeal followed.
 I.
Harris contends that the trial court erred in refusing to give his requested jury instruction. Specifically, Harris claims that, in order for him to be convicted of trafficking in cocaine, the trial court had to instruct the jury that the state had to prove that he knew the cocaine he possessed weighed 28 grams or more. We disagree.
Section 13A-12-231(2), Ala. Code 1975, states, in pertinent part that:
 "Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as `trafficking in cocaine.'"
In addressing this identical issue as it relates to trafficking in marihuana, this Court stated:
 "The offense of trafficking depends upon the possession of more than 2.2 pounds of marijuana regardless of the possessor's intent for the use of the marijuana. In a prosecution for trafficking in marijuana, the State need not prove that the defendant knew the weight of the marijuana
proved to be in the defendant's possession. Way v. State, 475 So.2d 239, 241 (Fla. 1985)."
Insley v. State, 591 So.2d 589, 590-591 (Ala.Crim.App. 1991) (some citations omitted; emphasis added).
In order to present a prima facie case of trafficking in cocaine, the State must prove that the defendant was knowingly in actual or constructive possession of 28 grams or more of cocaine.Korreckt v. State, 507 So.2d 558 (Ala.Crim.App. 1986). The state is not required to prove that the defendant knew that the cocaine in his possession weighed 28 grams or more.
As the state argued in its brief to this Court, the prosecution was required to prove that Harris knowingly possessed cocaine and that the amount of cocaine he possessed exceeded 28 grams; the prosecution was not required to prove that Harris knew that the amount he possessed weighted more than 28 grams. Therefore, Harris's requested jury instruction was not a correct statement of the law and the trial court did not err in refusing to give Harris's requested instruction. Sartin v. State,601 So.2d 1142 (Ala.Crim.App. 1992).
 II.
Harris contends that his sentence was improper because, he says, one of the prior convictions admitted by the trial court to enhance his sentence under the Habitual Felony Offender Act was not proven. Harris argues that because the page of the exhibit containing the conviction did not state his name or the case number, it was not properly admitted into evidence.
Section 13A-5-10.1(a), Ala. Code 1975, states: *Page 899 
 "Certified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of this state."
The first page of the case action summary for case number 91-0515 indicates that Harris was charged with unlawful possession of a controlled substance and that a pretrial hearing was scheduled for March 1, 1991. Although the second page of the exhibit, which indicates the conviction, does not state a name or case number, we note that the information falls in chronological order to the first and third pages. Also, the attorney for Harris listed on page one is also listed as the attorney of record on page two. We conclude that, taken as a whole, the case action summary was sufficient and that the state met its burden of proof. SeeCampbell v. State, 709 So.2d 1329 (Ala.Crim.App. 1997) (holding that once the state has offered proof of a prior conviction, and the defendant has objected, the defendant bears the burden of providing evidence in support of his objection).
Moreover, the record indicates that Harris admitted during cross-examination that he had pleaded guilty to two prior drug offenses and that he had received probationary sentences. (R. 179.) When a defendant admits to prior felony convictions during cross-examination, "the state [has] no duty to offer any further proof as to their existence." Scarbrough v. State,528 So.2d 890, 894 (Ala.Crim.App. 1988).
 III.
The state contends that this case must be remanded to the trial court for it to suspend Harris's driving privileges and to impose certain mandatory assessments. Specifically, the state claims that the trial court failed to impose the mandatory fine under the Demand Reduction Assessment Act, § 13A-12-281(a), Ala. Code 1975; failed to suspend Harris's driving privileges as provided in § 13A-12-290, Ala. Code 1975; and failed to impose the mandatory $100 assessment for the Alabama Forensic Services Trust Fund as provided in § 36-18-7(b), Ala. Code 1975.
Section 13A-12-281(a), Ala. Code 1975, states, in pertinent part:
 "In addition to any disposition and fine authorized by . . . 13A-12-231, or any other statute indicating the dispositions that can be ordered for such a conviction or an adjudication of delinquency, every person convicted of, or adjudicated delinquent for, a violation of any offense defined in the section set forth above, shall be assessed for each such offense an additional penalty fixed at $1000 for first offenders and $2000 for second and subsequent offenders."
(Emphasis added.)
Section 13A-12-290, Ala. Code 1975, states:
 "In addition to any other penalty provided by law, the Department of Public Safety shall suspend for a period of six months the driver's license of any person . . . . convicted or adjudicated of, or subjected to a finding of delinquency based on, the crimes specified in § 13A-12-291."[1]
(Emphasis added.)
Section 36-18-7(a), Ala. Code 1975, states, in pertinent part:
 "[I]n addition to all fines, fees, costs, and punishments prescribed by law, there shall be imposed or assessed an additional fee of one hundred dollars ($100) on any conviction in any court of the *Page 900 
state for drug possession, drug sale, drug trafficking, and drug paraphernalia offense as defined in Sections 13A-12-211
to 13A-12-260, inclusive."
(Emphasis added.)
In State v. Pierson, 677 So.2d 246 (Ala. 1995), the Supreme Court held that the provisions of the Demand Reduction Assessment Act, § 13A-12-281, Ala. Code 1975, are mandatory. The directory language in § 13A-12-290, Ala. Code 1975, and § 36-18-7(b), Ala. Code 1975, is the same language used in § 13A-12-281(a), Ala. Code 1975.
Therefore, we conclude that the provisions for the suspension of the driver's license of a defendant convicted of a drug-related offense and for the assessment of a fine to be collected for the Alabama Forensic Services Trust Fund are also mandatory.
After reviewing the record, we agree with the state that these penalties were not imposed. We, therefore, remand this case to the trial court for it to impose the mandatory penalties pursuant to §§ 13A-12-281(a), 13A-12-290, and 36-18-7(b), Ala. Code 1975. See Ricketson v. State, 766 So.2d 981
(Ala.Crim.App. 2000), Williams v. State, 794 So.2d 441
(Ala.Crim.App. 2000). Return shall be made to this Court within 36 days from the release of this opinion.
REMANDED WITH DIRECTIONS.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
[1] The crimes specified in § 13A-12-291, Ala. Code 1975, include trafficking offenses. See § 13A-12-291(9), Ala. Code 1975.