456 S.E.2d 144

**Melvin Charles BAILEY**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0377–94–2.**

Court of Appeals of Virginia,
Richmond.

April 18, 1995.

**238**

Charles H. Crowder, III, South Hill (Harris, Matthews & Warren, P.C., Kenbridge, on brief), for appellant.

Thomas C. Daniel, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.

Present: MOON, C.J., ELDER, J., and COLE, Senior Judge.

ELDER, Judge.

Melvin Charles Bailey (appellant) appeals his convictions for breaking and entering with the intent to commit larceny in violation of Code § 18.2–91 and his convictions for grand larceny in violation of Code § 18.2–95. Appellant contends: (1) the trial court erred in admitting appellant's confession to police; (2) the trial court erred in allowing a prosecution witness to testify with the aid of inventory lists prepared by the police based on information provided by the witness; and (3) the Commonwealth failed to prove that over $200 worth of store merchandise was stolen on March 18, March 31, and April 21, 1993, respectively. For the following reasons, we affirm the trial court's ruling.

Appellant was charged with three counts of breaking and entering with the intent to commit larceny in violation of Code § 18.2–91 and three counts of grand larceny in violation of Code § 18.2–95. The evidence showed that at least $200 of merchandise and/or money had been stolen from Country Mart store on March 18, March 31, and April 21, 1993, respectively. On each occasion, store employee Elmer Cole arrived to open the store for business and found items missing from the store. Cole testified that on March 18, $6,000 in merchandise and cash had been stolen. Cole testified that on March 31, $2,300 in merchandise and cash had been taken. Finally, Cole testified that on April 21, $400 in cash had been stolen. Cole's testimony was aided by lists he had helped the police prepare the morning after each break-in.

While waiting to be tried on the six separate felony counts, appellant, who had been incarcerated for approximately four

months after his arrest, sent at least two notes to Deputy Ray Link, the principal investigator of the break-ins. Each note requested a meeting with Link. Per appellant's request, Link questioned appellant on August 17, 1993, without the presence of his attorney. Link testified he did not coerce the appellant with any promises of leniency; appellant testified that coercive statements were made. Appellant signed a rights-waiver form before he confessed his involvement in all three break-ins. The trial court found appellant's confession to be voluntary, and it was admitted into evidence. The trial court then found appellant guilty on each of the six charges.

■ We hold that the trial court did not err in deciding that appellant's inculpatory statement to the police was voluntary and not a product of duress or coercion. When an appellate court reviews the voluntariness of a confession, its review must include

> an independent examination of the totality of the circumstances to determine "whether the statement is the 'product of an essentially free and unconstrained choice by its maker,' or whether the maker's will 'has been overborne and his capacity for self-determination critically impaired.'"

*Wilson v. Commonwealth,* 13 Va.App. 549, 551, 413 S.E.2d 655, 656 (1992) (quoting *Gray v. Commonwealth,* 233 Va. 313, 324, 356 S.E.2d 157, 163, *cert. denied,* 484 U.S. 873, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987) (citations omitted)). Further, an appellate court "may rely upon the observations of the trial judge and the trial judge's findings of fact, except as to the ultimate issue of voluntariness." *Goodwin v. Commonwealth,* 3 Va.App. 249, 257, 349 S.E.2d 161, 166 (1986).

In this case, credible evidence showed that appellant voluntarily initiated contact with Deputy Link by sending at least two notes requesting that Link meet immediately with appellant. According to Link's testimony, appellant specifically stated that he did not wish for his attorney to be present when he made his statement to the police. The fact that appellant's attorney was not present under these circumstances does not invalidate appellant's confession. *See, e.g., Michigan v. Jack-*

*son,* 475 U.S. 625, 636, 106 S.Ct. 1404, 1411, 89 L.Ed.2d 631 (1986) (holding that any waiver of a defendant's sixth amendment right to counsel is invalid after assertion of the right, but applying that rule only to police-initiated interrogation); *Kelly v. Commonwealth,* 8 Va.App. 359, 366–69, 382 S.E.2d 270, 274–75 (1989) (same).

While the testimony of appellant and Link diverged on the issue of whether Link made promises of leniency, "[t]he weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." *Bridgeman v. Commonwealth,* 3 Va. App. 523, 528, 351 S.E.2d .598, 601 (1986). Furthermore, assuming without deciding that Link made promises of leniency, such promises, standing alone, are generally insufficient to support a finding that appellant's will was overborne. *Harrison v. Commonwealth,* 3 Va.App. 260, 266, 349 S.E.2d 167, 170 (1986).

We also hold that the trial court did not err in allowing Cole to testify with the aid of inventory lists prepared by police deputies based on information provided by Cole. The evidence was properly introduced under the "past recollection recorded" exception to the rule against hearsay.[1] As we have stated,

> The general rule of past recollection recorded allows, over a hearsay objection, a witness with no independent recollection of an incident to testify directly from notes or reports if certain requirements are met. The requirements for this hearsay exception are: (1) the witness must have had firsthand knowledge of the event; (2) the written statement must be an original memorandum made at or near the time of the event, when the witness had a clear and accurate memory of it; (3) the witness must lack a present recollec-

---

1. Inventories and lists of items, prepared by a third party but verified for accuracy by the witness, have been successfully introduced at trial under this general rule. *See, e.g., Franklin v. State,* 38 Ala.App. 274, 82 So.2d 316 (1955) (allowing the introduction of lists of stolen items).

tion of the event; and (4) the witness must vouch for the accuracy of the written memorandum.

*James v. Commonwealth,* 8 Va.App. 98, 102, 379 S.E.2d 378, 380–81 (1989) (citations omitted); *see also Kelley v. Commonwealth,* 17 Va.App. 540, 548, 439 S.E.2d 616, 621 (1994); *Scott v. Greater Richmond Transit Co.,* 241 Va. 300, 304, 402 S.E.2d 214, 217 (1991).

Cole, a store clerk during the time of the break-ins, had firsthand knowledge of the thefts and the items stolen. The deputies' lists, which apparently accompanied each of the three police reports, were original memoranda made the morning after each break-in, at a time when Cole accurately could recount which items had been stolen. Additionally, as the record shows, Cole had no independent recollection of the items stolen and, by necessity, had to "read all of the information off of the deputies' notes." Lastly, Cole vouched for the accuracy of the deputies' lists, as reflected in his direct testimony, when he stated that "[w]e went around the store and he asked me what was taken, and we looked and *this is what I gave him.*"

 Heretofore, neither we nor the Supreme Court has decided the issue of whether a memorandum prepared by a third-party can be introduced through a witness who supplied the information contained in the memorandum. We hold that this method of introduction does not violate the rule against hearsay if certain conditions are satisfied.

> [T]he general rule [among courts nationwide] is that it is not essential that the record of past recollection shall have been made by the witness, if he knows that it is true as written. It is sufficient if the memorandum was made by someone else but has been examined by the witness and is known by him to be correct.

81 Am.Jur.2d *Witnesses* § 783 (1992) (citations omitted). *See also United States v. Booz,* 451 F.2d 719, 725 (3rd Cir.1971), *cert. denied,* 414 U.S. 820, 94 S.Ct. 45, 38 L.Ed.2d 52 (1973); *Voyles v. Columbia Terminals Co.,* 223 S.W.2d 870, 871 (Mo. Ct.App.1949). Therefore, because the record shows that Cole

examined the lists and found them to be accurate, the lists were properly introduced under the "past recollection recorded" exception and did not constitute impermissible hearsay.

Finally, we hold that credible evidence in the record proved that over $200 of merchandise and cash had been stolen from the store in each break-in. "A conviction will be affirmed unless it appears from the evidence that it is plainly wrong or without evidence to support it." *Sutphin v. Commonwealth*, 1 Va.App. 241, 243, 337 S.E.2d 897, 898 (1985). Elmer Cole's testimony provided the credible evidence necessary to establish that the statutory minimum dollar amount had been taken during each of the three break-ins. Cole specifically identified the items stolen and the cash amounts taken during the break-ins. The trial court did not abuse its discretion in finding that the Commonwealth had proved beyond a reasonable doubt that at the time of each break-in, the missing merchandise and cash were worth, respectively, $6,000, $2,300, and $400.

Accordingly, we affirm the judgments of the trial court. *Affirmed.*