COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


STANLEY SELLERS

MEMORANDUM OPINION[*] BY

v.    Record No. 2833-97-4        JUDGE WILLIAM H. HODGES
                                          DECEMBER 15, 1998

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David T. Stitt, Judge

M. Dale Phelps, Assistant Public Defender,
for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Stanley Sellers (appellant) was convicted in a jury trial of driving on a revoked operator's license after having been adjudicated a habitual offender and of driving while under the influence of alcohol.  He contends that the trial court erred by admitting hearsay testimony of Officer Fred Kessel, who had no independent recollection regarding the results of the sobriety tests he administered to appellant, without meeting the requirements of the past recollection recorded exception to the hearsay rule.  We disagree, and affirm the convictions.

I.

At 1:30 a.m. on December 3, 1995, Officer Kessel observed appellant drive up to a green traffic light, stop his vehicle for

─────────────────────
       [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

three to five seconds, make a "real wide" left turn, and then drive a block, straddling the broken white line between the two lanes. After observing appellant turn into a 7-Eleven parking lot, drive up behind a marked police cruiser, and then abruptly make a left turn and a U-turn, Kessel stopped appellant. As Kessel approached appellant, he noticed a "heavy odor of alcohol" emanating from appellant's lips. Appellant "fumbled through some papers for a little while that didn't produce anything." When appellant stepped out of the car, Kessel noticed that appellant's eyes were bloodshot. Kessel asked appellant to perform sobriety tests.

At trial, when Kessel testified about these sobriety tests, Kessel said, "[T]o be completely accurate, I'd like to go to my notes." Kessel then began to testify about the "heel-to-toe" test he asked appellant to perform. When asked how appellant performed the test, Kessel said, "I'm going to pull my notes," and acknowledged that, without referring to his notes, he could not specifically recall how appellant performed the tests. Kessel testified that he prepared the notes on the night of the incident. Defense counsel objected to Kessel's use of the notes, and argued that the foundation laid was not "specific enough for past recollection recorded." The trial court overruled the defense's objection.

Kessel testified that during the "heel-to-toe" test, appellant lost his balance. Kessel had to explain the

"finger-to-nose" test to appellant twice "to get him started."
Initially, appellant incorrectly performed the "finger-to-nose"
test without closing his eyes.  When appellant performed this
test with his eyes closed, he "began to sway."  Appellant failed
to follow the directions and missed his nose twice.  When asked
to count from twenty to zero, appellant stopped at sixteen and
"started over three times."  Appellant admitted drinking "one or
two beers" to Kessel.

## II.

"The general rule of past recollection recorded allows, over
a hearsay objection, a witness with no independent recollection
of an incident to testify directly from notes or reports if
certain requirements are met."  James v. Commonwealth, 8 Va. App.
98, 102, 379 S.E.2d 378, 380 (1989) (citations omitted).  To meet
the requirements for this hearsay exception,

> (1) the witness must have firsthand knowledge
> of the event; (2) the written statement must
> be the original memorandum made at or near
> the time of the event, when the witness had a
> clear and accurate memory of it; (3) the
> witness must lack a present recollection of
> the event; and (4) the witness must vouch for
> the accuracy of the written memorandum.

Id. at 102, 379 S.E.2d at 380-81.  See also Bailey v.
Commonwealth, 20 Va. App. 236, 240-41, 456 S.E.2d 144, 146
(1995); Kelley v. Commonwealth, 17 Va. App. 540, 548-49, 439
S.E.2d 616, 621 (1994).

Kessel had firsthand knowledge of what took place prior to
appellant's arrest.  Kessel testified that he prepared the notes

- 3 -

"the night of the incident."  Because appellant's arrest was around 1:30 a.m., Kessel had to have prepared his notes within hours, if not minutes, after the arrest.  Kessel acknowledged, during his direct testimony, that he had no recollection of how appellant performed the sobriety tests without referring to his notes.  Lastly, Kessel vouched for the accuracy of his notes when he testified that "to be completely accurate, I'd like to go to my notes."

Therefore, because the record shows that the Commonwealth met the requirements to permit Kessel to testify from his notes, Kessel's testimony was properly admitted under the "past recollection recorded" exception to the hearsay rule and did not constitute impermissible hearsay.

Accordingly, we affirm the judgments of the trial court.

<u>Affirmed.</u>