COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Frank and Kelsey
Argued at Chesapeake, Virginia


DEBORAH L. DAVIS

MEMORANDUM OPINION* BY
v.   Record No. 2043-01-1      JUDGE JAMES W. BENTON, JR.
                               NOVEMBER 12, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

Stephen K. Smith for appellant.

Stephen R. McCullough, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


The trial judge convicted Deborah L. Davis of four counts
of burglary, two counts of attempted burglary, four counts of
grand larceny, and possession of burglary tools. Davis contends
the trial judge erred in finding her confession was voluntary
and refusing her motion to suppress her confession. We affirm
the convictions.

I.

At the hearing on Davis's motion to suppress, the evidence
proved that shortly before 2:00 a.m. several officers saw Davis
leave her vehicle, approach the door of a retail cleaners, and
tamper with the locked door. After she dislodged two pipes that

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

secured the door, the door opened.  Davis then ran to her vehicle and began to drive away.

After the officers signaled Davis to stop and approached her vehicle, the officers saw various tools on the front passenger seat.  They arrested Davis and informed her of her <u>Miranda</u> rights.  During the ensuing questioning, Detective Richard Moore informed Davis of burglaries at other cleaners.  Davis denied any involvement in those break-ins.  The detective said to Davis, "it's best to go ahead and come clean, get this off your chest, . . . get the best deal possible."  The detective also told Davis he would not be able to promise her anything, but that the Commonwealth Attorney's Office would make that decision.  At that point, Davis asked the detective if he would get cigarettes from her purse in her vehicle.  When the detective looked in her purse, he saw a vial containing a white powder.  Based on his experience, the detective recognized the vial as a container used to store cocaine and believed the powder was cocaine.

As Davis smoked a cigarette, the detective started to talk to her again, saying he was "trying to figure out whether . . . another burglar [was] out here that's breaking into these stores or whether this is going to end."  Davis responded, "I can promise that . . . there will not be any more break-ins after tonight."  When Davis finished her cigarette, the detective gave her a pen and paper and said, "Well, why don't you go ahead and

-

give me a confession because you've basically confessed to me that you did break into the other stores." Davis smiled, told the detective he was "pretty smart," laughed, and said she might, or might not, give him a statement.

The detective then showed Davis the vial containing the white powder and asked whether she wanted to talk about it and whether she wanted him to send it to the laboratory. Davis responded, "Oh, shit" and mumbled something to herself, which included the word "stupid." Davis then said, "Listen, I was going to give you the statement, but after I give you the statement, will you make sure that that disappears?" The detective replied, "Well, you know, sure." Davis then confessed in writing to four burglaries, two attempted burglaries, and larcenies from the four burglaries.

The trial judge found that Davis's statements were voluntary, uncoerced, and intelligently made. He, therefore, denied the motion to suppress. At the conclusion of the trial, he convicted Davis of four counts of burglary, two counts of attempted burglary, four counts of grand larceny, and possession of burglary tools.

## II.

"The Commonwealth has the burden to prove, by a preponderance of the evidence, that a defendant's confession was freely and voluntarily given." Bottenfield v. Commonwealth, 25 Va. App. 316, 323, 487 S.E.2d 883, 886 (1997). "In assessing

-

voluntariness, the court must determine whether 'the statement is the "product of an essentially free and unconstrained choice by its maker," or . . . whether the maker's will "has been overborne and his capacity for self-determination critically impaired."'" Roberts v. Commonwealth, 18 Va. App. 554, 557, 445 S.E.2d 709, 711 (1994) (citations omitted). The voluntariness issue is a question of law requiring an independent determination on appeal. Miller v. Fenton, 474 U.S. 104, 110 (1985); Wilson v. Commonwealth, 13 Va. App. 549, 551, 413 S.E.2d 655, 656 (1992). In making that independent determination, however, "we are bound by the trial [judge's] subsidiary factual findings unless those findings are plainly wrong." Id.

Davis's claim is a narrow one; she contends her "confession was an involuntary statement because it was obtained by a promise of leniency . . . [when Detective] Moore promised not to charge [her] with possession of cocaine if she confessed to all of the other break-ins and grand larcenies." In determining the validity of her claim, we examine the "totality of circumstances." Withrow v. Williams, 507 U.S. 680, 689 (1993). Thus, we have held that when the conduct of the police is questioned, we "must consider the interrogation techniques employed, including evidence of trickery and deceit, psychological pressure, threats or promises of leniency, and duration and circumstances of the interrogation." Terrell v. Commonwealth, 12 Va. App. 285, 291, 403 S.E.2d 387, 390 (1991).

-

Standing alone, however, a promise of leniency generally is insufficient to support a finding that the accused's will was overborne.  See Harrison v. Commonwealth, 3 Va. App. 260, 266, 349 S.E.2d 167, 170 (1986).

The evidence proved that after the officers informed Davis of her Miranda rights, she spoke with the detective without objection.  The evidence further suggests that despite the arrest, she was not in discomfort.  The detective characterized Davis's demeanor during the discussion as "smiles and giggles" until he showed her the vial he found in her purse.  At that point, Davis, not the detective, initiated the suggestion of a quid pro quo.  These circumstances are not indicative of police coercion and do not, without more, contain indicia of involuntariness.  The circumstances suggest Davis weighed the alternatives and sought to lessen her criminal exposure by cooperation.  See Bailey v. Commonwealth, 20 Va. App. 236, 239-40, 456 S.E.2d 144, 145-46 (1995).  These facts do not support a conclusion that the detective's response to Davis's request for leniency was impermissible or that Davis's will was overborne.  We hold that the trial judge did not err in ruling that Davis's confession was voluntary.

Accordingly, we affirm the trial judge's ruling and the judgment.

Affirmed.

-