COURT OF APPEALS OF VIRGINIA

Present:  Judges Decker, Russell and Senior Judge Felton
Argued at Norfolk, Virginia

**UNPUBLISHED**

CHRISTOPHER RAY BALLARD

                                     MEMORANDUM OPINION[*] BY

v.      Record No. 0760-15-1              JUDGE MARLA GRAFF DECKER
                                             MAY 3, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glenn R. Croshaw, Judge

Afshin Farashahi (Afshin Farashahi, P.C., on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


      Christopher Ray Ballard appeals his convictions of credit card theft and credit card fraud, in

violation of Code §§ 18.2-10, -95, -192(1)(a), and -195(1)(a).[1]  He argues that the evidence was

insufficient to support the convictions because the Commonwealth did not link him to the specific

credit cards at issue.  The appellant also contends that the testimony of one of the victims about

unauthorized use of her credit card was inadmissible hearsay.  We hold that the evidence was

sufficient to support the convictions.  However, we also hold that the admission of the hearsay

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We note that the statutory citations in the conviction and sentencing orders include
Code § 18.2-26.  This code section relates solely to crimes of attempt.  The original indictment
charged the appellant with fraudulent use or attempted use of a credit card, making citation to
Code § 18.2-26 appropriate at that stage of the proceedings.  However, the indictment was
amended to remove the attempt language.  When that amendment occurred, the citation to the
attempt statute, Code § 18.2-26, was not likewise struck from the indictment.  On remand, we
direct the circuit court to take any steps necessary to ensure that these various parts of the record
accurately reflect what transpired in that court.  See Code § 8.01-428(B); Ziats v.
Commonwealth, 42 Va. App. 133, 140, 590 S.E.2d 117, 120-21 (2003).

evidence was error. For these reasons, we affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

This case arises from a series of separate credit card thefts, two of which were prosecuted in the instant proceeding. One occurred on September 20, 2013, and the other on September 28, 2013. At trial, the Commonwealth presented testimony from each of the victims.

Morgan Wernikowski testified that on September 20, 2013, she parked her gray Mazda in a parking lot by the YMCA near Mount Trashmore in the City of Virginia Beach. When she returned to her car less than three hours later, she found the front window had been broken. A schoolbag containing Wernikowski's wallet and credit card was missing from the vehicle. She testified that, on the day it was stolen, her credit card was used without her permission to make purchases in Virginia Beach at a car wash and a gas station. The first purchase was seventeen dollars, and the second purchase was approximately thirty dollars.[2]

Kimberly Dial testified that on the morning of September 28, 2013, she parked her blue Honda Odyssey near the Kempsville Recreation Center in Virginia Beach. When Dial returned to the car about ninety minutes later, she discovered the front passenger window had been broken. Her purse, which contained her credit cards, was missing. Dial learned that one of the stolen cards was used on the same day to make three unauthorized purchases and that other transactions had been attempted but were declined. The first purchase was in the amount of $57.62 at a 7-Eleven store on Princess Anne Road in Virginia Beach. A second purchase occurred in the amount of $50.70 at "Jollibee."[3] A third unauthorized purchase was made at a

---

[2] A second theft occurred on September 20, 2013. Stephanie Viau's car was broken into, and credit cards were stolen. Evidence regarding this theft was admitted at trial, but it was not one of the charged offenses.

[3] Dial did not explain what type of business Jollibee was or the specifics of the purchase.

Citgo gas station on Holland Road in the amount of $59.11. Dial also testified about two transactions that were attempted but declined, one of which occurred at a 7-Eleven on Holland Road.

Law enforcement obtained surveillance camera video recorded on September 20, 2013, from a 7-Eleven store. The appellant and his brother, Shanon Ballard, appear in the videotape. The police also obtained screen shots taken by the surveillance camera at the Holland Road 7-Eleven store on September 28, 2013. Both the appellant and his brother are identifiable in one photograph, and only the appellant is visible in the second photograph.

Shanon Ballard testified that he and the appellant broke into a gray Mazda in the vicinity of Mount Trashmore on September 20, 2013, and took items from the car. Later that day, he and the appellant used the credit cards that they had stolen from the vehicle to make purchases. Ballard identified himself and the appellant in the September 20, 2013 video from the 7-Eleven store. The appellant's brother said that he and the appellant had made a purchase there using a stolen credit card.

Ballard also testified that he and the appellant broke into a blue van on September 28, 2013, near the Kempsville Recreation Center. They took a purse, which contained credit cards, from the van. Ballard acknowledged that the photographs from the Holland Road 7-Eleven showed him and the appellant attempting to make purchases using the stolen credit cards.

Ballard admitted that he had prior felony convictions. He had entered guilty pleas to offenses relating to the thefts of Wernikowski's and Dial's credit cards. He was awaiting sentencing at the time of the appellant's trial. On cross-examination, defense counsel asked if Ballard ever "gave" the appellant "credit cards," and he responded "[n]o," without any explanation.

Testifying on his own behalf, the appellant admitted that he was with his brother at the time of one of the thefts. However, the appellant stated that he remained in the car and did not know that Ballard had broken into the vehicle. The appellant suggested that Ballard had implicated him in the crimes because Ballard's girlfriend was pregnant and his brother did not want to go back to prison. The appellant also admitted that he had prior felony convictions.

The trial court found the appellant guilty of credit card fraud, two counts of credit card theft, and conspiracy to commit a felony. He was sentenced to a total of forty-seven years.

On appeal, the only convictions being challenged are credit card fraud and the two counts of credit card theft.

II. ANALYSIS

The appellant challenges the sufficiency of the evidence to support his convictions for credit card fraud and credit card theft. He also argues that the trial court erred in admitting hearsay testimony from Dial regarding the credit card transactions. We first consider the sufficiency of the evidence because, if the evidence is not sufficient to support the convictions, the case must be reversed and dismissed, and the question relating to hearsay is irrelevant. See, e.g., Timbers v. Commonwealth, 28 Va. App. 187, 202, 503 S.E.2d 233, 240 (1998) (explaining that the Commonwealth is "barred on double jeopardy grounds from retrying" an appellant where this Court "reverse[s] for insufficiency of the evidence"); see also Code § 19.2-324.1 (providing that if this Court "determines that evidence was erroneously admitted and that such error was not harmless, the case shall be remanded for a new trial if the Commonwealth elects to have a new trial").

*A. Sufficiency of the Evidence*

In our review of the sufficiency of the evidence to support a criminal conviction, we consider "the evidence in the light most favorable to the Commonwealth." Kovalaske v.

Commonwealth, 56 Va. App. 224, 226, 692 S.E.2d 641, 643 (2010) (quoting Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006)). "Viewing the record through this evidentiary prism requires us to discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Id. (quoting Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009)). The dispositive question that this Court must resolve is "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Anaman v. Commonwealth, 64 Va. App. 379, 394, 768 S.E.2d 700, 708 (2015) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)). We will affirm the conviction unless the fact finder was "plainly wrong" or the conviction lacked "evidence to support it." Kovalaske, 56 Va. App. at 231, 692 S.E.2d at 645 (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).

## 1. Credit Card Thefts

Code § 18.2-192(1)(a) provides, in pertinent part, that "[a] person is guilty of credit card or credit card number theft when . . . [h]e takes . . . a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent." The appellant does not challenge his brother's credibility or the evidence derived from his testimony. He acknowledges that at this juncture we must view the evidence, including the brother's credibility, in the light most favorable to the Commonwealth. See, e.g., Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015) ("[C]redibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact."); Tizon v. Commonwealth, 60 Va. App. 1, 12-13, 723 S.E.2d 260, 265 (2012) ("[E]ven if not '*inherently* incredible[,]' a defendant's exculpatory version of events need not be accepted by the factfinder." (quoting Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353

(1980))). The appellant nonetheless contends that the Commonwealth did not prove that the credit cards that his brother testified that they stole were the same cards that were stolen from Wernikowski and Dial.

The appellant is correct that "when the evidence is susceptible to two interpretations, the fact finder cannot *arbitrarily* adopt the one that incriminates the defendant." Clanton v. Commonwealth, 53 Va. App. 561, 573, 673 S.E.2d 904, 910 (2009). However, "the fact finder's 'determination cannot be overturned as *arbitrary* unless no rational factfinder would have come to that conclusion.'" Id. (quoting Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004)). Wernikowski testified, describing the theft of her credit cards from her car that occurred on September 20, 2013. Dial likewise recounted the theft from her vehicle that took place on September 28, 2013. The appellant's brother testified specifically about the thefts. His descriptions of the victims' automobiles, the times of the offenses, and the locations of the thefts were consistent with the testimony from Wernikowski and Dial about the thefts of their credit cards. The brother's testimony that he and the appellant took credit cards from the vehicles and used the cards the same day to make purchases was also corroborated by the surveillance recordings. The brother's testimony was further confirmed by accounts from the two victims about the use of the cards at businesses in the area. Considered as a whole, the evidence was sufficient to prove that the appellant and his brother stole credit cards from Wernikowski and Dial. See, e.g., Anaman, 64 Va. App. at 394-97, 768 S.E.2d at 707-09. Consequently, the fact finder was not plainly wrong in concluding that the Commonwealth proved beyond a reasonable doubt that the appellant was guilty of two counts of credit card theft.

### 2. Credit Card Fraud

Under Code § 18.2-195(1)(a)), "[a] person is guilty of credit card fraud when, with intent to defraud any person, he . . . [u]ses for the purpose of obtaining money, goods, services or

anything else of value a credit card or credit card number obtained or retained in violation of § 18.2-192." Credit card fraud is punishable as a felony if the value of things or services fraudulently obtained exceeds $200 in a six-month period. Code § 18.2-195(3). Otherwise, the offense is punishable as a misdemeanor. Id.

The appellant argues that the evidence did not link the cards that he and his brother stole with the particular transactions described by Wernikowski and Dial. He reasons that consequently the Commonwealth did not prove that the goods and services purchased with the stolen cards exceeded $200.

As discussed above, the evidence was sufficient to prove that the credit cards stolen from the two vehicles were the same credit cards that the appellant and his brother had in their possession. See, e.g., Miller v. Commonwealth, 64 Va. App. 527, 536, 769 S.E.2d 706, 710 (2015) (explaining that we are bound by the fact finder's inferences that are fairly deduced from the evidence). The appellant's brother testified that he and the appellant used the cards to make purchases. The evidence proved that the amount of purchases using Wernikowski's and Dial's stolen credit cards on September 20 and 28, 2013, totaled $214.43. See Code § 19.2-324.1 (providing that this Court "shall consider all evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction" in the context of "a challenge to a conviction [that] rests on a claim that the evidence was insufficient because the trial court improperly admitted evidence"). Based on these facts, the trial court found that the appellant used the stolen cards to obtain goods or services valued at more than $200. The trial court's finding was not plainly wrong or without evidence to support it. See Kovalaske, 56 Va. App. at 231-34, 692 S.E.2d at 645-47. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that the appellant was guilty of felony credit card fraud.

*B. Admissibility of the Testimony*

1. Rule 5A:18

The appellant challenges the admissibility of Dial's testimony about the unauthorized use of her stolen credit card. The Commonwealth contends that at trial the appellant objected only to Dial's testimony about the declined transactions and not the unauthorized purchases made with her card. Consequently, the Commonwealth argues, Rule 5A:18 limits our review to the admissibility of the evidence about the unsuccessful attempts to use the card.

Rule 5A:18 provides in relevant part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Additionally, "[n]ot just any objection will do." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). Instead, the rule requires a litigant to articulate an objection with specificity "so that the trial judge . . . know[s] the particular point being made in time to do something about it." Id.; see Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004). In other words, the "rule requires that an objection be made with sufficient specificity to enable the trial judge to rule intelligently." Commonwealth v. Washington, 263 Va. 298, 309, 559 S.E.2d 636, 642 (2002).

Dial testified without objection on direct examination about unauthorized activity on her stolen credit cards. Although counsel saw Dial looking at papers, her testimony on direct examination did not explain their nature or character. On cross-examination, appellant's counsel asked Dial about the papers that she appeared to consult during her direct testimony. Dial responded that she "ha[d] three bank transactions, and then the notes that were provided through the stores that they used cards on." The appellant asked if she got the information about the

transactions from her bank. Dial explained that she had printed bank records that she had received from the bank, but that she had left them in the lobby of the courthouse. The appellant's counsel commented that he would "look at them at the break." Counsel then asked Dial if she learned of the declinations on the card from a third party, and she responded affirmatively.

The appellant's counsel objected, stating, "I'd move to strike that portion of the testimony based on hearsay. I did not know whether she was coming from her own records or not. No records were made available to defense counsel." The prosecutor responded that Dial learned of the actual transactions and the declinations from her bank. The trial court noted that Dial "made contemporaneous notes." The witness clarified that she received all of her information from her bank "and then by calling the stores they used them at to get more information."

Viewing the colloquy in its entirety, the parties and the trial court clearly discussed Dial's testimony about the declined transactions jointly with that regarding the unauthorized transactions. See Chaine v. Commonwealth, 17 Va. App. 179, 183, 436 S.E.2d 187, 189 (1993), adopted on reh'g en banc, 18 Va. App. 301, 443 S.E.2d 924 (1994). Therefore, the issue was fully before the trial court, and it had the opportunity to intelligently rule on the matter. See, e.g., Preferred Sys. Sols., Inc. v. GP Consulting, LLC, 284 Va. 382, 396 n.*, 732 S.E.2d 676, 683 n.* (2012) (holding that an objection to testimony based on its out-of-court source sufficiently raised the issue of hearsay, because hearsay and personal knowledge are sufficiently linked). It is clear from a full reading of the record and viewing the objection in context that the judge ruled on the testimony about the use and attempted use of Dial's card after it was stolen as described by the witness. For this reason, we conclude that the appellant's challenge to the testimony about the unauthorized purchases was adequately preserved under Rule 5A:18.

## 2. Hearsay

Turning to the merits of the appellant's argument, the law is well established that "the admissibility of the evidence is within the broad discretion of the trial court" and subject to the test of abuse of that discretion. Davis v. Commonwealth, 65 Va. App. 485, 499, 778 S.E.2d 557, 564 (2015) (quoting Wood v. Commonwealth, 57 Va. App. 286, 304, 701 S.E.2d 810, 818 (2010)). This Court will hold that an abuse of discretion has occurred "[o]nly when reasonable jurists could not differ." Pope v. Commonwealth, 60 Va. App. 486, 517, 729 S.E.2d 751, 766 (2012) (quoting Thomas, 44 Va. App. at 753, 607 S.E.2d at 743). However, the admission of "clearly inadmissible" evidence constitutes an abuse of discretion. See Lawrence v. Commonwealth, 279 Va. 490, 496, 689 S.E.2d 748, 751 (2010). Generally, when a party objects to a statement as hearsay, the proponent of the evidence must establish that it is admissible. See Neal v. Commonwealth, 15 Va. App. 416, 420, 425 S.E.2d 521, 523 (1992). In this case, the proponent of the evidence was the Commonwealth.

If evidence is hearsay, it "is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule." Robinson v. Commonwealth, 258 Va. 3, 6, 516 S.E.2d 475, 476 (1999); see also Rule 2:802. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 2:801(c). The term hearsay encompasses "testimony given by a witness who relates what others have told [her] or what [s]he has read." Lawrence, 279 Va. at 497, 689 S.E.2d at 751; see also Bynum v. Commonwealth, 57 Va. App. 487, 491, 704 S.E.2d 131, 133 (2011). Testimony given by a witness is not hearsay if it relates to "personal knowledge." See Bowman v. Commonwealth, 28 Va. App. 204, 210, 503 S.E.2d 241, 244 (1998). Personal knowledge is "knowledge of a fact which a person has [her]self gained through [her] own senses and not from

others or from information supplied by others." Id. (quoting Fagan v. Commonwealth, 220 Va. 692, 694, 261 S.E.2d 320, 322 (1980)).

Dial learned about the unauthorized credit card transactions from her bank and the stores involved in the misuse of one of her stolen credit cards. She did not have personal knowledge of the use of her credit card after it was stolen. Consequently, her testimony as to the unauthorized transactions was hearsay. See, e.g., Lawrence, 279 Va. at 497, 689 S.E.2d at 752.

The Commonwealth argues that Dial's testimony was admissible because it was based on her personal business records. See, e.g., Frye v. Commonwealth, 231 Va. 370, 387, 345 S.E.2d 267, 279 (1986). Although business records can qualify for exception to the rule against hearsay, certain foundational requirements must be met. Specifically, the proponent of the evidence must show that the records "are regularly prepared and relied on in the conduct of business by the persons or entities for which the records are kept." Anaman, 64 Va. App. at 389, 768 S.E.2d at 705 (quoting Stokes v. Commonwealth, 49 Va. App. 401, 409, 641 S.E.2d 780, 784 (2007)); see also Rule 2:803(6). At trial, the Commonwealth made no effort to authenticate the bank statements upon which Dial based her testimony. See West v. Commonwealth, 12 Va. App. 906, 910, 407 S.E.2d 22, 24 (1991) (holding that "for a hearsay declaration which contains hearsay within it to be admissible, both the primary hearsay declaration and each hearsay declaration included within it must conform to a recognized exception to the hearsay rule"). Based on the record in this case, we conclude that the Commonwealth did not establish that the bank statements discussed by the witness met the business record exception to the rule against hearsay.

The Commonwealth further contends that the testimony was admissible because Dial testified while referencing notes which she made "contemporaneously while reviewing her bank records and talking with the stores involved." Under the "present sense impression" exception to

the rule against hearsay, "statement[s] describing or explaining an event . . . made contemporaneously with, or while, the declarant was perceiving the event" can be admissible. Rule 2:803(1); see also Wilder v. Commonwealth, 55 Va. App. 579, 587, 687 S.E.2d 542, 546 (2010) (explaining that for this exception to apply, the declaration must have been spontaneous and contemporaneous with the event). This legal principle is unavailing to the Commonwealth because it pertains to Dial's reference to her notes while on the stand. In contrast, the appellant's argument relates to Dial's lack of personal knowledge about the transactions and attempted transactions on her stolen credit card.

In addition, the Commonwealth argues that Dial's testimony was based on her notes and thus fell under the past recollection recorded exception to the rule against hearsay. "The general rule of past recollection recorded allows . . . a witness . . . to testify directly from [some form of written document] . . . ." Abney v. Commonwealth, 51 Va. App. 337, 346, 657 S.E.2d 796, 800 (2008) (alteration in original) (quoting Bailey v. Commonwealth, 20 Va. App. 236, 240, 456 S.E.2d 144, 146 (1995)); see also Rule 2:803(5). One of the foundational requirements under this exception is that "the witness must have had firsthand knowledge of the event." Compare Abney, 51 Va. App. at 346, 657 S.E.2d at 800 (quoting Bailey, 20 Va. App. at 240, 456 S.E.2d at 146), with Ashley v. Commonwealth, 220 Va. 705, 708, 261 S.E.2d 323, 325 (1980) (affirming the admission of the witness' hearsay testimony that was based on a business report that he had prepared in part because his testimony established that the report "served to record [his] past recollections"). This argument fails because it defends Dial's use of notes during her testimony, and the appellant's challenge is based on the fact that Dial did not have personal knowledge about the unauthorized use and attempted use of her credit card after it was stolen.

Dial's testimony about the unauthorized use of her credit card was hearsay. The Commonwealth did not establish that it met any of the recognized exceptions to the rule against

- 12 -

hearsay. Consequently, we hold that the trial court abused its discretion by admitting Dial's hearsay testimony about the unauthorized credit card activity.

### 3. Harmless Error

When error is found, this Court must consider whether that error was harmless. See Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (citing Code § 8.01-678). A non-constitutional error, such as this one, is harmless if, "when all is said and done, . . . the error did not influence the [fact finder] or had but slight effect." Ramsey v. Commonwealth, 63 Va. App. 341, 356, 757 S.E.2d 576, 584 (2014) (quoting Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731 (2001)). However, if we "cannot say, with fair assurance, after pondering all that happened . . . , that the judgment was not substantially swayed by the error, . . . the conviction cannot stand." Id. (quoting Clay, 262 Va. at 260, 546 S.E.2d at 731-32). Relevant to this analysis is whether "the evidence admitted in error was merely cumulative of other, undisputed evidence." Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442, 445 (1993). In considering whether an error was harmless, the error must be considered "in the context of the entire case." Montgomery v. Commonwealth, 56 Va. App. 695, 704, 696 S.E.2d 261, 265 (2010).

The Commonwealth acknowledges that if this Court holds that "all of Dial's testimony about the transactions was inadmissible hearsay," the error was not harmless as to the conviction for credit card *fraud.* We agree. The conviction for felony credit card fraud required a showing that the goods fraudulently purchased were over $200, an element shown *only* through Dial's hearsay testimony in combination with the testimony of Wernikowski. See Code § 19.2-195(3). This conclusion, however, does not end the analysis.

- 13 -

We must also determine whether the error was harmless as to the conviction for the theft of Dial's credit card.[4] Whether an error is harmless depends on numerous factors, including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." Perry v. Commonwealth, 58 Va. App. 655, 672, 712 S.E.2d 765, 774 (2011) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986)).

Ballard testified that he and the appellant stole a purse containing credit cards from a blue van on September 28, 2013, near the Kempsville Recreation Center. He named some stores where he and the appellant used the cards and identified the appellant and himself in surveillance recordings of two of those stores. Ballard's testimony overlapped with Dial's regarding the description of the date and location of the theft, the type and color of vehicle, the unauthorized use of the stolen card generally the day of the offense, and the attempted use of the card specifically at the 7-Eleven where the surveillance photographs were taken.

The appellant's defense below relied primarily on his challenge to his brother's credibility. The brother admitted during questioning that he was a convicted felon. The appellant testified that his brother was lying because his girlfriend was pregnant with his child and he did not want to go to prison for the crimes.

In order to assess harmless error, we must specifically address whether the judgment of the brother's credibility could have been affected by the admission of Dial's testimony on the unauthorized use and attempted use of her stolen card. Where an error pertains to the credibility

_____

[4] The appellant's challenge to the erroneous admission of the hearsay testimony is limited to the convictions related to the theft and use of Dial's credit card. He does not argue that the error affected the conviction for theft of Wernikowski's credit card.

of a witness, the Supreme Court has differentiated between the issue of the credibility of a witness in the context of a sufficiency analysis and "the potential for harm caused by the erroneous admission of evidence which tends to support the [trier of fact's] credibility determination." Lilly v. Commonwealth, 258 Va. 548, 553, 523 S.E.2d 208, 210 (1999); see also Jones v. Commonwealth, 50 Va. App. 437, 453, 650 S.E.2d 859, 867 (2007) (holding that the error was not harmless where the improperly excluded evidence could have rehabilitated the defendant's credibility). However, an error possibly affecting the credibility of a prosecution witness is harmless where "[i]ndependent evidence bolstered the credibility" of that witness. Anderson v. Commonwealth, 282 Va. 457, 467, 717 S.E.2d 623, 628 (2011).

We conclude that the brother's credibility was bolstered by independent evidence. His accounts of the *thefts* were corroborated by the victims' descriptions of the thefts.[5] In addition, Wernikowski corroborated his testimony for the general principle that her credit card was used after it was stolen. The store surveillance recording and photographs showing the appellant in stores with his brother also corroborated Ballard's testimony that they jointly made purchases using the stolen cards. Finally, the appellant's testimony that he was with his brother during one of the offenses also partially substantiated his brother's account. Based on this record, we hold that the error of admitting Dial's hearsay testimony "did not influence the [fact finder], or had but slight effect," on its finding that the appellant was guilty of the theft of Dial's credit card. See Ramsey, 63 Va. App. at 356, 757 S.E.2d at 584 (quoting Clay, 262 Va. at 260, 546 S.E.2d at 731).

---

[5] Dial's testimony that her purse containing her bank card was stolen from her blue Honda Odyssey on September 28, 2013, near the Kempsville Recreation Center, was not hearsay.

III. CONCLUSION

The evidence was sufficient to support the convictions of credit card theft and credit card fraud. However, the trial court abused its discretion by admitting hearsay evidence from one of the victims about the unauthorized use of her stolen card. We hold that this error was harmful only as to the charge for felony credit card fraud. Consequently, we reverse the felony conviction of credit card fraud and remand to the trial court for a new trial on the charge of credit card fraud if the Commonwealth be so advised.[6] We also remand the case for correction of the clerical error noted *infra*. We affirm the remaining convictions on appeal.

Affirmed in part, reversed in part, and remanded.

---

[6] We do not remand with the direction to enter a conviction for the lesser offense and for sentencing, because the appellant has not consented to that relief. Compare Britt v. Commonwealth, 276 Va. 569, 576, 667 S.E.2d 763, 766-67 (2008), with Commonwealth v. South, 272 Va. 1, 1, 630 S.E.2d 318, 319 (2006). Further, we do not limit the remand to a new trial on the lesser-included offense of misdemeanor credit card fraud. See Code § 19.2-324.1.